# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: October 31, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| AMBER BARENBLIT, on behalf of A.S., | * | |
| a minor, | * | |
| | * | |
| Petitioner, | * | No. 18-180V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Decision Based on Stipulation; Diphtheria- |
| AND HUMAN SERVICES, | * | Tetanus-Acellular Pertussis ("DTaP") |
| | * | Vaccine; Hepatitis B ("Hep B") Vaccine; |
| Respondent. | * | Inactivated Polio ("IPV") Vaccine; |
| | * | Haemophilus Influenzae Type B ("Hib") |
| | * | Vaccine; Pneumococcal conjugate ("PCV") |
| | * | Vaccine; Rotavirus Vaccine; Kawasaki |
| | * | Disease; Encephalopathy; Seizure Disorder. |
| * * * * * * * * * * * * * * | * | |

Mark Theodore Sadaka, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioner.
Julia Marter Collison, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION BASED ON STIPULATION[1]

On February 5, 2018, Amber Barenblit, on behalf of her minor daughter A.S. ("Petitioner"), filed a petition in the National Vaccine Injury Program[2] alleging that as a result of a diphtheria-tetanus-acellular pertussis ("DTaP"), hepatitis B ("Hep B"), inactivated polio

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

("IPV"), haemophilus influenzae type b ("Hib"), Pneumococcal conjugate ("PCV"), and Rotavirus vaccines administered on February 11, 2015 and April 30, 2015, A.S. sustained Kawasaki Disease, encephalopathy, and a seizure disorder.  Petition at Preamble (ECF No. 1).

On October 31, 2023, the parties filed a stipulation recommending an award of compensation to Petitioner.  Stipulation (ECF No. 123).  Respondent denies that A.S. sustained any vaccine-related injuries; denies that the vaccines caused A.S.'s alleged injuries, or any other injury; and denies that her current condition is a sequalae of any vaccine-related injury.  Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioner shall receive the following compensation:

**A lump sum of $15,000.00, in the form of a check payable to Petitioner as guardian/conservator of A.S.'s estate.**

Stipulation at ¶ 8.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

The undersigned approves the requested amount for Petitioner's compensation.  Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

                                              **s/Nora B. Dorsey**
                                              Nora B. Dorsey
                                              Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

AMBER BARENBLIT, on behalf of A.S.,
a minor,

    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

    Respondent.

No. 18-180V
Special Master Dorsey
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. Amber Barenblit ("petitioner"), on behalf of A.S., a minor child, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to A.S.'s receipt of diphtheria-tetanus-acellular pertussis ("DTaP"), hepatitis B ("Hep B"), inactivated polio ("IPV"), haemophilus influenzae type b ("Hib"), Pneumococcal conjugate ("PCV"), and Rotavirus vaccines, which are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. On February 11, 2015, and April 30, 2015, A.S. received DTaP, Hep B, IPV, Hib, PCV, and Rotavirus vaccines.

3. The vaccines were administered in the United States.

4. Petitioner alleges that A.S. sustained Kawasaki disease, encephalopathy, and a seizure disorder that were caused by receipt of the vaccines. She further alleges that A.S. experienced the residual effects of these alleged injuries for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil

action for damages on behalf of A.S. as a result of her alleged injuries.

6. Respondent denies that A.S. sustained any vaccine-related injuries; denies that the vaccines caused A.S.'s alleged injuries, or any other injury; and denies that her current condition is a sequelae of any vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue a vaccine compensation payment of a lump sum of **$15,000.00** in the form of a check payable to petitioner as guardian/conservator of A.S.'s estate. This amount represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a). No payment shall be made until petitioner provides respondent with documentation establishing that she has been appointed as guardian/conservator of A.S.'s estate.

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1) and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.[1]

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable

---

[1] Interim attorney's fees and costs were awarded on December 4, 2020.

under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of A.S. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of A.S.'s estate under the laws of the State of California. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian/conservator of A.S.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of A.S.'s estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of A.S.'s upon submission of written documentation of such appointment to the Secretary.

14. In return for the payment described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioner, in her individual capacity, and as legal representative of A.S., on behalf of herself, A.S., and A.S.'s heirs, executors, administrators, successors, or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the

Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of A.S. resulting from, or alleged to have resulted from the vaccines administered on February 11, 2015, and April 30, 2015, as alleged in a Petition filed on February 2, 2018, in the United States Court of Federal Claims as petition No. 18-180V.

15. If A.S. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the

Secretary of Health and Human Services that the referenced vaccines caused A.S.'s alleged vaccine-related injuries, or any other injury or her current condition.

19. All rights and obligations of petitioner shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns of A.S.

## END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

*/s/ Amber Barenblit*
Amber Barenblit (Oct 20, 2023 10:02 PDT)
**AMBER BARENBLIT**

**ATTORNEY OF RECORD FOR PETITIONER:**

*/s/ Mark Sadaka*
**MARK SADAKA**
Sadaka Associates LLC
155 North Dean Street, 4th Floor
Englewood, NJ 07631
(201) 266-5670
mark@sadakafirm.com

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*/s/ Heather L. Pearlman*
**HEATHER L. PEARLMAN**
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

Henry P. Digitally signed by Henry
by Mcmillan -S3   P. Mcmillan -S3
                  Date: 2023.08.16 13:36:17 -04'00'

**CDR GEORGE REED GRIMES, MD, MPH**
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*/s/ Julia M. Collison*
**JULIA M. COLLISON**
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 305-0102
julia.collison@usdoj.gov

Dated: 10/31/23