# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: March 18, 2026

```
* * * * * * * * * * * *  *
AMBER BARENBLIT, on behalf of A.S.,   *
a minor,                              *       UNPUBLISHED
                                      *
              Petitioner,             *       No. 18-180V
                                      *
       v.                             *       Special Master Dorsey
                                      *
SECRETARY OF HEALTH                   *       Attorneys' Fees and Costs.
AND HUMAN SERVICES,                   *
                                      *
              Respondent.             *
                                      *
* * * * * * * * * * * *  *
```

Mark Sadaka, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioner
Julia Marter Collison, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On February 5, 2018, Amber Barenblit ("Petitioner"), on behalf of her minor daughter A.S., filed a petition in the National Vaccine Injury Program[2] alleging that as a result of a diphtheria-tetanus-acellular pertussis ("DTaP"), hepatitis B ("Hep B"), inactivated polio ("IPV"), haemophilus influenzae type b ("Hib"), Pneumococcal conjugate ("PCV"), and Rotavirus vaccines administered on February 11, 2015 and April 30, 2015, A.S. sustained Kawasaki Disease, encephalopathy, and a seizure disorder.  Petition at Preamble (ECF No. 1).  On October

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act").  All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

31, 2023, the undersigned issued a decision based on stipulation.  Decision Based on Stipulation dated Oct. 31, 2023 (ECF No. 124).

On November 13, 2025, Petitioner filed an application for attorneys' fees and costs. Petitioner's Motion for Attorney Fees and Costs ("Pet. Mot."), filed Nov. 13, 2025 (ECF No. 159).  Petitioner requests compensation in the amount of $46,867.40, representing $37,738.90 in attorneys' fees and $9,128.50 in costs.  Id. at 1.  Respondent filed his response on November 17, 2025, stating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Respondent's Response to Pet. Mot. ("Resp. Response"), filed Nov. 17, 2025, at 2 (ECF No. 160).  Petitioner filed a reply on November 18, 2025, reiterating his request for attorney fees and costs.  Pet. Reply to Resp. Response, filed Nov. 18, 2025 (ECF No. 161). The matter is now ripe for disposition.

Petitioner requests the following hourly rates for the work of his counsel: for Mr. Mark Sadaka, $422.00 per hour for work performed in 2020, $444.00 per hour for work performed in 2021, $458.00 per hour for work performed in 2022, $482.00 per hour for work performed in 2023, $532.00 and $563.00[3] per hour for work performed in 2024, and $562.00 per hour for work performed in 2025.  Petitioner also requests rates between $163.00 and $212.00 per hour for work of his counsel's paralegals from 2021-2025.

The undersigned finds the rates are largely consistent with what counsel have previously been awarded for their Vaccine Program work, and finds the rates from 2021 to 2023 and 2025 for Mr. Sadaka and the 2020 to 2025 rate for paralegal work to be reasonable herein.

However, a reduction for Mr. Sadaka's 2024 rate is necessary.  Mr. Sadaka has previously been awarded $532.00 per hour for work performed in 2024.  See, e.g., Tirone v. Sec'y of Health & Hum. Servs., No. 18-869V, 2025 WL 2659088, at *2 (Fed. Cl. Spec. Mstr. Aug. 21, 2025); Rose v. Sec'y of Health & Hum. Servs., No. 17-1770V, 2025 WL 3070443, at *8 (Fed. Cl. Spec. Mstr. Oct. 8, 2025).  As such, this results in a reduction of **$71.30**.[4]

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable.

Lastly, the undersigned has reviewed the requested costs and finds them to be reasonable and supported with appropriate documentation.  Accordingly, the full amount of costs shall be awarded.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e). Based on the reasonableness of Petitioner's request, the undersigned **GRANTS IN PART** Petitioner's motion for attorneys' fees and costs.

---

[3] Counsel filed his fees in two separate motions, with the first using the incorrect 2024 rate of $563.00 and the second using the correct 2024 rate of $532.00.  See ECF No. 127-1 at 23-24.

[4] ($563.00 - $532.00) x 2.3 hours = $71.30.

**Accordingly,**

**Petitioner is awarded attorneys' fees and costs in the total amount of $46,796.10, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[5]

**IT IS SO ORDERED.**

<u>**/s/ Nora Beth Dorsey**</u>
Nora Beth Dorsey
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.